■ CARMEN FELIX, Respondent, v LAWRENCE HOSPITAL CENTER et al., Defendants, and EDWIN PAN, M.D., Appellant. [953 NYS2d 505]—

Order, Supreme Court, Bronx County (Laura Douglas, J.), entered March 24, 2011, which, insofar as appealed, denied defendant Edwin Pan's motion to compel plaintiff to provide authorizations for medical records pertaining to subsequent obstetrical treatment and granted plaintiff's cross motion for a protective order regarding the same records, unanimously affirmed, without costs. Order, same court and Justice, entered

February 24, 2012, which, to the extent appealable, denied defendant's motion for leave to renew, unanimously affirmed, without costs.

In this action for medical malpractice, plaintiff alleges that defendants' departure from accepted standards of medical practice in connection with the treatment of her pregnancy resulted in the stillborn birth of her child. While plaintiff alleges physical injuries in connection with her hospitalization, the only subsequent injuries alleged relate to her emotional and psychological condition. Plaintiff has waived the physician-patient privilege only as to those conditions affirmatively placed in controversy. She has not placed her subsequent obstetrical treatment in controversy since her claims relate only to subsequent emotional and psychological injuries (*see Tirado v Koritz*, 77 AD3d 1368, 1369 [4th Dept 2010]) and defendants have failed to establish a particularized need (*see Elmore v 2720 Concourse Assoc., L.P.*, 50 AD3d 493 [1st Dept 2008]).

On renewal, defendant failed to assert additional material facts which existed at the time of the original motion but were not known to him that would change the prior determination (*see* CPLR 2221 [e]). The only new evidence consisted of the testimony of plaintiff's boyfriend, whose testimony was duplicative of plaintiff's earlier testimony.

We have considered defendant's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Richter, JJ.